**UNITED STATES of America,
Plaintiff—Appellee,**

v.

**Richard MARKS, Defendant—
Appellant.**

No. 02–10612.

United States Court of Appeals,
Ninth Circuit.

Argued and Submitted Jan. 14, 2004.

Decided Jan. 27, 2004.

Benjamin B. Wagner, Esq., James P. Arguelles, Office of the U.S. Attorney, Sacramento, CA, Russell E. Marsh, AUSA, Office of the U.S. Attorney, Las Vegas, NV, for Plaintiff–Appellee.

Scott L. Tedmon, Esq., Law Offices of Scott L. Tedmon, Esq., Sacramento, CA, for Defendant–Appellant.

Before: WALLACE, NOONAN, and MCKEOWN, Circuit Judges.

MEMORANDUM *

Marks claims that the government violated its obligation under *Brady v. Maryland,* 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1963), by failing to disclose potentially exculpatory evidence in a timely manner. Reviewing the alleged *Brady* violation de novo, *United States v. Danielson,* 325 F.3d 1054, 1074 (9th Cir.2003), we conclude that Marks did not suffer prejudice because he had the evidence at his disposal when it still would have been of value to him, *see United States v. Span,* 970 F.2d 573, 583 (9th Cir.1992).

Marks also objects to the district court's jury instructions. Because Marks did not object to the jury instruction at trial, we review his claim under the plain error standard. *United States v. Franklin,* 321 F.3d 1231, 1240 (9th Cir.2003). Reviewing the instructions in their entirety as we are required to do, we do not find them "misleading or inadequate to guide the jury's deliberation." *United States v. Dixon,* 201 F.3d 1223, 1230 (9th Cir.2000).

Marks's remaining claims are without merit. Internal Revenue Service agents had legal authority to execute search and arrest warrants against Marks. *See* 26 U.S.C. § 7608(b)(2). Marks has also failed to show that the cumulative effect of any trial errors was prejudicial.

**AFFIRMED.**

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36–3. Consolidated case 02–10600 will be decided at later time.